IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID TERRENCE STEPHENS,**
**D.O.C. # 059682,**

    Plaintiff,

vs.                                           Case No. 4:16cv465-RH/CAS

**JULIES JONES, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This civil rights case was initiated by David Terrence Stephens on July 22, 2016. Mr. Stephens also submitted another civil rights case, case number 4:16cv473-WS/CAS, on July 28, 2016. Mr. Stephens submitted an in forma pauperis motion, ECF No. 2, simultaneously with the complaint.

    As Mr. Stephens is well aware, he has "three strikes" pursuant to 28 U.S.C. § 1915(g) and is not permitted to proceed with in forma pauperis status absent specific allegations in a complaint which demonstrate that he faces "imminent danger of serious physical injury." The reason Mr. Stephens is well aware of the "three strikes" is because he has had

four cases dismissed this year alone for that reason: case number 4:16-cv-00005-WS-GRJ was dismissed on February 1, 2016, case number 4:16-cv-00088-MW-CAS was dismissed on March 11, 2016, case number 4:16-cv-00173-MW-CAS was dismissed on May 17, 2016, and case number 4:16-cv-00316-WS-CAS was dismissed on July 11, 2016.

The complaint filed by Mr. Stephens is against 85 Defendants who are located between the Department of Corrections' Central Office, Avon Park Correctional Institution, Okeechobee Correctional Institution, and Liberty Correctional Institution.  Plaintiff is currently incarcerated at Liberty Correctional Institution.  Because so many of the named Defendants are not physically located with Mr. Stephens, he cannot be in "imminent danger of serious physical injury."

When Mr. Stephens' four prior cases were dismissed this year under § 1915(g), he was advised that a viable complaint cannot name a multitude of Defendants who are not located with him.  Mr. Stephens was warned that complaints spanning a wide range of time, as this complaint does, is insufficient.  He was also informed that shotgun pleadings are not sufficient to proceed, yet he has continued to submit complaints which do not correct those deficiencies.  There is no need to give this complaint more than a

cursory review as Mr. Stephens has made no effort to present a short and plain statement of a claim, supported by clear factual allegations, demonstrating he is under imminent danger of serious physical injury as required by Rule 8(a) and 28 U.S.C. § 1915(g).

**RECOMMENDATION**

It is **RECOMMENDED** that this case be dismissed sua sponte pursuant to 28 U.S.C. § 1915(g). Mr. Stephens has accumulated more than "three strikes" under § 1915(g)[1] and the instant complaint does not demonstrate that he is in imminent danger of serious physical injury. The complaint should be **DISMISSED** and the motion for in forma pauperis status, ECF No. 2, be **DENIED**. Dismissal should be without prejudice, to the degree Mr. Stephens may re-file a complaint[2] that complies with Rule 8(a), and pays the full $400.00 filing fee at the time of case initiation. It is

---

[1] Prior cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include: case no. 6:01cv1512, case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536, case no. 8:09cv194, and case no. 8:11cv1342. *See* case no. 8:13cv1397. Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including, but not limited to: case no. 8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

[2] Mr. Stephens has been advised that any such complaint must be limited to no more than ten pages, present clear and legible factual allegations demonstrating the reason he is in danger from a specific Defendant who is physically located with Mr. Stephens, and the factual allegations must be of recent events.

further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**